In re: AIR CRASH OVER the HUDSON RIVER NEAR NEW YORK, NEW YORK, ON AUGUST 8, 2009.

MDL No. 2152.

United States Judicial Panel on Multidistrict Litigation.

June 7, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, Jr., FRANK C. DAMRELL, Jr. and BARBARA S. JONES, Judges of the Panel.

## ORDER DEFERRING DECISION ON SECTION 1407 TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiff in one Eastern District of Pennsylvania action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Eastern District of Pennsylvania. Defendant, the United States of America, supports centralization. The District of New Jersey plaintiffs oppose centralization. Defendants AFCO AvPorts Management LLC, Liberty Helicopters, Inc., and Meridian Consulting I Corporation, Inc. oppose centralization and support transfer of the Eastern District of Pennsylvania actions to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Alternatively, these defendants support centralization in the District of New Jersey.

This litigation currently consists of three actions listed on Schedule A and pending in two districts: two actions in the Eastern District of Pennsylvania and one action in the District of New Jersey.[1]

On the basis of the papers filed and hearing session held, the Panel is persuaded, under the circumstances present here, to defer a decision on Section 1407 centralization for a period of 60 days. While transfer under Section 1407 for pretrial purposes can streamline litigation, thereby benefitting the parties and the courts, transfer under Section 1404(a) for all purposes should be attempted, where appropriate.

We are aware that Judge Edmund V. Ludwig has stayed the actions before him in the Eastern District of Pennsylvania, pending this Panel's decision. However, when ruling on Section 1407 motions for centralization in circumstances comparable to those before us, it is helpful to know the result of pending Section 1404 motions that can eliminate the multidistrict character of the litigation. Accordingly, we are deferring our decision for 60 days to provide an opportunity for Judge Ludwig to rule upon the two Section 1404 motions now before him.

IT IS THEREFORE ORDERED that a decision on centralization of this litigation, pursuant to 28 U.S.C. § 1407, is deferred for a period of 60 days from the date of this order.

## SCHEDULE A

MDL No. 2152 — IN RE: AIR CRASH OVER THE HUDSON RIVER NEAR NEW YORK, NEW YORK, ON AUGUST 8, 2009

*District of New Jersey*

*Ginevra Gallazzi, etc. v. Liberty Helicopters, Inc., et al.,* C.A. No. 2:09–6142

---

1. Certain parties have notified the Panel that an additional related action is pending in the District of New Jersey. This action is a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

*Eastern District of Pennsylvania*

*Pamela Altman, etc. v. The United States of America (Federal Aviation Administration), et al.,* C.A. No. 2:10–518

*Jaclyn Altman, et al. v. Liberty Helicopters, Inc., et al.,* C.A. No. 2:10–545